## MOLINARI *v.* APONTE, DISTRICT JUDGE.

### APPLICATION for Writ of *Certiorari.*

No. 45.—Decided June 9, 1908.

UNLAWFUL DETAINER—BOND ON APPEAL—REQUIREMENTS FOR PRINCIPALS—AFFIDAVIT.—In bonds furnished in accordance with the provisions of section 12 of the Law of Unlawful Detainer, approved March 9, 1905, the sureties only are required to make the affidavit prescribed by section 355 of the Code of Civil Procedure ,amended March 12, 1908, it being sufficient for the debtor merely to sign the bond.

The facts are stated in the opinion.

*Mr. Franco Soto* for appellant.

MR. JUSTICE MacLEARY delivered the opinion of the court.

Application was filed in this court for a *certiorari* on the 22d of May last, alleging that on a trial in a case of unlawful detainer, brought by Doña Felícita Echavarría against the petitioner, Adolfo Molinari, in the District Court of Agua-

dilla, judgment had been rendered against the petitioner eject-
ing him from the property, and that from this judgment the
petitioner took an appeal in due course, and moved the court
to fix the amount of the bond which he should give in order
to perfect the same in accordance with section 12 of an act
establishing unlawful detainer proceedings, and fixing the
rules for taking appeals in this class of actions, approved on
the 9th of March, 1905.   (See Sess. Acts 1905, p. 185.)

On this motion the Judge of the District Court of Agua-
dilla made the following order:

"Let the defendant, Adolfo Molinari, furnish a joint bond for the
amount of $250, United States currency, in favor of Mrs. Felícita
Echavarría, with two more sureties who shall jointly, severally and
individually bind themselves under oath to be responsible for the said
amount in case that the payment of losses and damages, which may
be occasioned to the defendant, should be ordered, and also for the costs
of the appeal, all of which shall be made to appear in a sworn and
written statement by the said sureties, and stating also that each of
them is a resident, head of a family or proprietor in the Island, and
that each of said sureties has property to the amount of $250 after
fully covering all his debts and liabilities to the exclusion of all prop-
erty which is exempt from execution, and that the bond thus fur-
nished by the debtor and the sureties shall be held to be a joint obli-
gation."

The applicant alleges that this order imposes upon him a
more onerous duty than the law requires; in fact, requiring
him to become surety on his own bond and to qualify as such
under section 355 of the Code of Civil Procedure.

It was never intended that defendants taking appeals
should be required to qualify in the same manner as the
sureties on their bonds are required to do, because in that case
a poor person, who could not come within the description
given in section 355 of the Code of Civil Procedure, could
never take an appeal and would be cut off from all the benefit
of the appellate court.

It is a proper practice that defendants should join in the bond, signing the same as principals along with their sureties; but the sureties only are required to make the affidavit stated in section 355 as to their solvency and liability to respond in damages for the breach of the bond.

According to section 12 of the act providing for unlawful detainer hereinbefore cited, the defendant, when taking an appeal in a case which is founded upon the nonpayment of rents or amount agreed upon, can only exercise such right by depositing in the office of the secretary of the court the amount due up to the date of the judgment, and in all other cases of unlawful detainer the appellant is required, as an indispensable requisite to his right of appeal, to furnish an undertaking to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal.

It is further provided that both the deposit and the undertaking referred to in section 12 of the law shall be made or filed within the time granted for taking the appeal. Construing this section with section 355 of the Code of Civil Procedure, it would be sufficient that the sureties should sign the undertaking along with the principal, who is the defendant in this case, and that they should qualify by making affidavits that they are each residents and householders or freeholders within the Island of Porto Rico; and that they are each worth the sum specified in the undertaking, over and above all their just debts and liabilities, exclusive of the property exempt from execution.

The amendment to this section of the Code of Civil Procedure, passed on the 12th of March last, does not affect this provision, but only authorizes certain surety companies to become sureties on such bonds. However, the act was not passed until the next day after the order was made, and for that reason also it would apply to this case.

The order entered by the District Court of Aguadilla, as will be seen, may possibly be construed to be more onerous than the law authorizes, and for that reason should be modified in accordance with the views expressed. It will, therebefore, be annulled and the District Court of Aguadilla directed to make an order allowing the appeal in accordance with the views herein expressed. The district court will also at the same time concede to the applicant a reasonable time within which to prepare a statement of the case on which to base his appeal. Judgment should be entered in accordance with this opinion.

*Application granted.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.